

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

April 21, 2025

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 1506
New York, NY 10007

Fractional Ownership Holdings, LLC and Philip Neuman shall file a response no later than April 25, 2025.

SO ORDERED.

_____
Hon. Ronnie Abrams
April 22, 2025

Re:   *Gangl v. Fractional Ownership Holdings, LLC et al.*; No. 1:24-cv-09371 (RA)
       ex. rel. *Fractional Ownership Holdings, LLC v. Gangl*; No. 1:24-cv-09036 (RA)

Dear Judge Abrams,

We represent Defendant/Counter-Plaintiff Jeffrey Gangl ("Gangl") in connection with his claims against Plaintiff/Counter-Defendants Fractional Ownership Holdings LLC ("Fractional") and Philip Neuman[1] ("Neuman") and write to respectfully request that the Court issue an Order to compel non-party Colin Conner ("Conner") to comply with Plaintiff's subpoena duces tecum.

Fractional asserts that Mr. Gangl was terminated "with cause" due to poor performance and breached his employment agreement by failing to work full time and sufficiently perform his job duties. In contrast, Mr. Gangl claims that within days of telling Mr. Neuman that the excessive workload foisted upon him was challenging given his role as the parent and caregiver of an ill child, Mr. Neuman decided to part ways with Mr. Gangl without cause. Thereafter, Fractional falsely stated that Mr. Gangl was terminated "with cause" in an effort to avoid the compensation payments owed to Mr. Gangl pursuant to his employment agreement.

Mr. Connor is one of the important witnesses in this action—he is identified as a relevant witness in both parties' Rule 26(a) disclosures and further identified by Fractional in response to certain of Gangl's specific interrogatories. Moreover, in advance of a pre-litigation mediation, Fractional obtained a signed witness declaration from Mr. Connor regarding certain aspects of the disputes in this litigation. As such, on March 25, 2025, Mr. Gangl served a subpoena on Mr. Connor for documentation related to the allegations in the Complaint, the interrelationship between Mr. Neuman's personal businesses and Fractional and communications regarding the witness declaration mentioned above. See Ex. A. Mr. Connor has not responded as required by Rule 45(d)(2)(B). Nonetheless, to avoid unnecessary motion practice, Mr. Gangl sent

---

[1]   Mr. Neuman is a Counter-Defendant in Mr. Gangl's complaint but not a Plaintiff in Fractional's complaint.



Hon. Ronnie Abrams<br>
April 21, 2025<br>
Page 2

correspondence to Mr. Connor in an attempt to secure compliance with the subpoena. See Ex. B. However, Mr. Connor failed to respond to the undersigned's letter.

A party may issue a subpoena for information that "is relevant and material to the allegations and claims at issue in the proceedings." Vale v. Great Neck Water Pollution Control Dist., No. 14 Civ. 4229 (ADS)(AYS), 2016 WL 1072639, at *2 (E.D.N.Y. Jan. 8, 2016) (quoting Night Hawk Ltd. v. Briarpatch Ltd., No. 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)). "Relevance 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" Id. (quoting Oppenheimer Funds, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). Here, Mr. Connor is a relevant witness who is likely in possession of relevant documents and information. Yet, he did not respond to the subpoena. Mr. Gangl respectfully requests that the Court compel Mr. Connor to simply respond to the subpoena and provide responsive documents.

We thank Your Honor for the Court's time and consideration in this matter.

Respectfully submitted,

David E. Gottlieb

# Exhibit A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| JEFFREY GANGL, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-09371 (RA) |
| FRACTIONAL OWNERSHIP HOLDINGS, LLC and PHILIP NEUMAN. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: COLIN CONNER

*(Name of person to whom this subpoena is directed)*

☑ **Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Appendix A.

| Place: Wigdor LLP, 85 Fifth Avenue, 5th Floor, New York, NY 10003 or electronically via email to dgottlieb@wigdorlaw.com | Date and Time: 04/07/2025 5:00 pm |
|---|---|

☐ **Inspection of Premises: YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/24/2025

*CLERK OF COURT*                                                          OR   */s/ David E. Gottlieb*

*Signature of Clerk or Deputy Clerk*                                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jeffery Gangl, who issues or requests this subpoena, are:

David E. Gottlieb, Esq., dgottlieb@wigdorlaw.com, Wigdor LLP, 85 Fifth Ave. NY, NY 10003, (212) 257-6800

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## DEFINITIONS

1.      The terms **"document"** and **"ESI"** are defined to be synonymous in meaning and equal in scope to the usage of these terms in Federal Rule of Civil Procedure 34(a), including, without limitation, data or data compilation stored in any medium.  A draft or non-identical copy is a separate document within the meaning of this term.  The terms also include handwritten or typed notes, text messages, instant messages, online postings or communications and/or emails.

2.      The term **"communication"** means any manner or form of information or message transmission, however produced or reproduced, whether by document as herein defined or orally or otherwise, which is made, distributed or circulated between or among persons or data storage or processing units, including, but not limited to, emails and/or instant messages and any and all documents containing, consisting of, or relating or referring or recording in any way, either directly or indirectly to a "communication."  The term includes any conversation, discussion, meeting, conference or any other oral statement.

3.      The word **"person"** includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entity, federal, state and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

4.      The term **"employee"** refers to full-time employees; part-time employees; temporary employees; independent contractors; executives; managers; members; owners; work staff; laborers; paid and/or unpaid consultants; interns; externs and agents; and/or any other workers.

5. The term **"concerning"** means containing, consisting of, relating to, referring to, describing, evidencing, constituting, in whole or in part, supporting or contradicting.

6. The term **"compensation"** refers to the payment or transfer of ownership or control, whether complete, partial, conditional or unconditional, or howsoever restricted, of anything of value, including, but not limited to, base salary, bonus or incentive compensation, cash, common or restricted stock or shares, restricted stock units, other equity or fixed income products or their derivatives, options, warrant or other financial products, and services, rights, entitlements or benefits of any kind.

7. The word **"date"** means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

8. The term **"email"** shall include all emails and instant messages as well as all associated meta-data.

9. The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

10. **"Any"** means **"all,"** **"each and every"** as well as **"anyone."**

11. **"He"** shall mean **"she"** and vice versa.

12. **"His"** shall mean **"hers"** and vice versa.

13. The singular includes the plural and vice versa.

14. The term **"Gangl"** refers to Defendant/Counter-Plaintiff Jeffrey Gangl.

15. The term **"Fractional"** refers to Plaintiff/Counter-Defendant Fractional Ownership Holdings, LLC, including all parents, subsidiaries, affiliates, agents, principles, and/or employees.

16. The term "**Neuman**" refers to Defendant Philip Neuman.

17. The term **"Fractional-Neuman"** refers to Plaintiff/Counter-Defendant Fractional Ownership Holdings, LLC and Defendant Philip Neuman, collectively.

18. The term **"Gangl Complaint"** refers to the Amended Complaint filed by Gangl in this action on or about March 11, 2025.

19. The term **"Fractional Complaint"** refers to the Amended Complaint filed by Fractional in this action on or about March 20, 2025.

20. In connection with this subpoena, You are required only to produce all requested information electronically.

## DOCUMENTS REQUESTED

1. All documents concerning the allegations set forth in the Gangl Complaint, annexed hereto as **Exhibit A.**

2. All documents concerning the allegations set forth in the Fractional Complaint, annexed hereto as **Exhibit B.**

3. All documents or communications that mention, refer, or relate to Gangl from January 1, 2023, through the present.

4. All documents or communications that mention, refer, or relate to Fractional from January 1, 2023, through the present.

5. Produce all documents related to the allegation in Paragraph 62 of the Gangl Complaint that Luxe Health, Inc. ("Luxe Health") directly funded Fractional bank accounts used to support Fractional payroll and pay third-party vendors.

6. All communications concerning the witness declaration and the allegations contained therein, that you signed in support of Fractional-Neuman in advance of the private

mediation with Gangl in November 2024, annexed hereto as **Exhibit C.**

7. All versions of the witness declaration you signed in support of Fractional-Neuman in advance of the private mediation with Gangl in November 2024, including any unsigned draft versions.

# Exhibit B



**David Gottlieb**
dgottlieb@wigdorlaw.com

April 9, 2025

**VIA CERTIFIED MAIL**

Mr. Colin Conner
16620 Caravaggio Loop
Montverde, FL 34756-3707

      Re:    *Gangl v. Fractional Ownership Holdings, LLC et al.*; No. 1:24-cv-09371 (RA)
             ex. rel. *Fractional Ownership Holdings, LLC v. Gangl*; No. 1:24-cv-09036 (RA)

Dear Mr. Conner,

We represent Plaintiff Jeffrey Gangl in connection with his claims against Fractional Ownership Holdings LLC and Philip Neuman. We write regarding the subpoena to produce documents you received on or around March 25, 2025. Pursuant to the subpoena, you were obligated to provide documents by April 8, 2025, but you have failed to do so. Any responsive documents in your possession, custody, or control should be produced immediately in the manner described on the subpoena. If we do not receive a response by April 16, 2025, we will file a motion with the Court to compel the production of the documents.

Should you have any questions, please do not hesitate to contact us.

Sincerely,

David Gottlieb